UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal Case No. 20-CR-002-JJM |
| v. | |
| DAVID LADWIG | |

### GOVERNMENT'S SENTENCING MEMORANDUM

Defendant held himself out to be a maker of untraceable firearms, and for nothing more than money to supplement his retirement income, he made and sold an untraceable machine gun. He knew that ghost guns – non-serialized guns – were sought out by those intent on using guns to commit crimes. He knew that ghost gun sale and machine gun possession were illegal. He knew of the serious, lethal fire-power deliverable by the military-style machine guns that he was capable of making. Despite all that knowledge, he constructed a non-serialized, M16-style machine gun and sold it to a stranger. He also, after that sale, commenced construction of a non-serialized pistol for that same stranger. Because of ATF's intervention, the stranger was an undercover ATF agent. Absent that intervention, Defendant's ghost machine gun and ghost pistol would have been available to anyone, including those most in "need" of untraceable guns.

The Government recommends that Defendant be sentenced to three years of probation with the first six months spent in home confinement with a radio frequency monitoring bracelet and 150 hours of community service. Although Defendant's criminal conduct warrants serious jail time, his health and his age paired with our pandemic times make incarceration an unworkable option. Probation is recommended because it, unlike supervised release, allows for the added deterrence of a do-over. Where there is violation, the Court may revoke probation and sentence Defendant anew. *See* 18 U.S.C. § 3565(a)(2). Home confinement and community service are

1

recommended to provide some degree of punishment – even if too lenient – to address Defendant's abject disregard of public safety.

The parties sought to present the Court with a joint recommendation, but there appears to be disagreement. Defendant may be concerned that home detention will interfere with job prospects. But those prospects may be more aspirational than real. The Probation Department advises that for the entirety of his pre-trial supervision period, which started in January 2018, Defendant, who is presently 65 years old, has not been employed. The PSR indicates that Defendant has not been employed since at least August 2016. (PSR ¶ 65). That employment, like much of Defendant's employment history, was self-reported and could not be verified. (PSR ¶¶ 65-71, 75-77). Defendant's last verified employment ended in late 2010. (PSR ¶ 72). Also, home detention can be structured to permit the Probation Department to ease restrictions for verified employment.

Respectfully submitted,

UNITED STATES OF AMERICA
By its Attorney,

AARON L. WEISMAN
United States Attorney

/s/ Milind Shah
Milind Shah
Assistant U.S. Attorney
U.S. Attorney's Office
50 Kennedy Plaza, 8th FL
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
Email: milind.shah@usdoj.gov

## CERTIFICATE OF SERVICE

On this 9th day of December 2020, I filed this sentencing memorandum electronically, using the Court's electronic filing system, and thereby made the filing available to Defendant's counsel, Kevin Fitzgerald of the Federal Public Defender Office.

/s/ Milind Shah
Milind Shah
Assistant U.S. Attorney
U.S. Attorney's Office
50 Kennedy Plaza, 8th FL
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
Email:  milind.shah@usdoj.gov