UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA    )
                               )
      VS.                 )          CR No. 20-002 JJM
                               )
DAVID LADWIG           )

_____

## SENTENCING MEMORANDUM

David Ladwig has lived an extraordinary adventurous life. He has traveled the world soaking up culture, language, and knowledge. Though it has not brought him riches and it has negatively affected his health, he, nevertheless, has enjoyed this life. That being said, he is here now because of a serious lapse in judgment. He is before the Court for attempting to sell a self-made machinegun. He decided to commit this act in order to raise money for medical expenses. As with many such plans, it did not work and has set Mr. Ladwig further behind. He sincerely regrets his actions.

David was adopted as an infant in Hawaii. His father was stationed there in the US Army. The family followed the father during his service all around the world. David lived in Italy, Germany, and Texas, among other duty stations. He learned Italian and German as a child in these countries and loved the different cultures to which he was exposed.

David graduated high school in El Paso, TX, and soon thereafter joined the US Navy. He did not pursue the more mundane of Navy jobs. Instead, seeking adventure, he became a sailor working with nuclear reactors on submarines. This is highly specialized technical work, and the skills he learned some 35 to 40 years ago he continues to rely on today in his employment.

1

David married his first wife while in the Navy. They had two daughters, but David was often deployed for months at a time. The separation placed great strain on the marriage, and on his wife as she tried to maintain the household. After he left the Navy he continued to travel extensively for work. Unfortunately, his wife became further depressed and despondent over time and killed herself. The suicide predictably sent David's life into a tailspin of depression and substance abuse. While he was able to eventually address his substance abuse and right his life, his relationship with his daughters suffered. He does not presently have contact with them.

Mr. Ladwig married his second wife in the 1990's. They live on a boat now moored in East Providence. He has been involved in the raising of his wife's children and enjoys the company of their single grandchild. Their relationship is sound.

After the Navy Mr. Ladwig worked in the energy field with both nuclear and non-nuclear power plants. He worked as a contractor around the US and overseas. Adventure, however, called again and he worked as a contractor in war zones – in Afghanistan and Iraq. The work was sometimes very dangerous and unhealthy; dangerous due to the wars, and unhealthy due to the pollution. He also learned additional languages; French, Dutch, and Arabic, and some Pashto, Urdu, and Japanese. Given his current situation, age, and health, he has had difficulty in securing employment recently and is collecting social security. He does, however, have some prospects and intends to pursue employment after this case is resolved.

Mr. Ladwig suffers from myriad illnesses. He is being treated for heart disease, high cholesterol, emphysema, high blood pressure, and chronic obstructive pulmonary disease ("COPD"). He has suffered four heart attacks. He is being monitored for lung cancer and skin cancer. He has dropped a significant amount of weight in the past two years. He is at high risk should he contract the COVID-19 virus. While he does present as boisterous and adventurous, he is in fact a sick man.

Again, Mr. Ladwig greatly regrets his actions and is intent on moving forward as productive member of society.

**The Sentencing Guidelines Do Not Support the Purposes of Sentencing**

The advisory sentencing guideline range in this case is 18 to 24 months. The sentencing guidelines here, however, fail to follow the directions in 18 U.S.C. § 3553(a) which Congress has laid out for the Court to use in sentencing. The guidelines only consider a defendant's present conduct and criminal history. The guidelines do not consider his full history and characteristics of the defendant, nor do they address concerns of deterrence, recidivism, or rehabilitation. For Mr. Ladwig, that failure is significant.

Mr. Ladwig's life – work, service, family, etc. – warrants full consideration. He is now 65 years old and has no other relevant contacts with the criminal justice system.[1] He is also sickly. His historical productivity and employment, his service to this country, and his current health situation all mitigate what the appropriate sentence ought to be.

Neither a guideline sentence - nor any sentence including incarceration - supports the sentencing objectives of deterrence or rehabilitation here. Mr. Ladwig has been deterred and punished simply by this prosecution. He will be a felon for the rest of his life, and necessarily have to live with those consequences. He has also been under supervision by the probation department for the last two years. The sanctions of supervision and conviction will greatly affect his potential future employment, and restrict his movement. Also, given his age and physical state, Mr. Ladwig is not a risk to reoffend in any manner, nor is he in need of any rehabilitative service. Mr. Ladwig

---

[1] The PSR lists two outstanding warrants – one from 1987 and one from 1995 (PSR ¶¶ 38 and 39). While listed as "active" in the PSR, neither jurisdiction has attempted to pursue Mr. Ladwig despite his travels through various US jurisdictions and overseas. Mr. Ladwig asserts that he believes these matters were resolved long ago.

knew what he was doing was wrong, he admitted to his misconduct, and he hopes to make up for his actions.

### A Minimally Sufficient Sentence

The law directs the Court to impose a sentence which is the least restrictive means to effect the purposes of sentencing, including just punishment, deterrence, incapacitation, and rehabilitation. 18 U.S.C. § 3553(a) (the parsimony directive). Mr. Ladwig's case is truly unique. His personal history and his current health circumstance warrant a non-prison sentence. The government is in agreement with that position. The question remains what sanctions the Court ought to impose short of incarceration to effect punishment.

A term of probation is punishment and makes sense. *See generally*, 18 U.S.C. §§ 3561 and 3583 (Congress provided the punishment of probation as a necessary and important part of the federal sentencing scheme). Mr. Ladwig is not a risk to reoffend, not a danger to the community, and better able to care for himself than the BOP ever could. The Court can impose a period of 1 to 5 years of probation. While the government suggests 3 years of supervision, a 1 year term in sufficient. That sufficiency is bolstered by Mr. Ladwig's performance while on pre-trial supervision for the last 2 years. He has completely conformed to that supervision and the Court should credit his compliance when determining the appropriate sentence.

The government also suggests a term of 6 months in home confinement with electronic monitoring. Facially, this recommendation appears as simply punishment for the sake of checking off a box marked "Defendant Punished". Punishment merely for the sake of punishment is not in compliance with the purposes of sentencing under § 3553(a). The punishment must be tied to an objective. Again, a term of probation and a felony conviction already stand as serious punishments when we consider Mr. Ladwig's life and circumstances as a whole. The need for additional physical restriction

– even in the form of community confinement – is negligible and serves no reasonable purpose.

The government also recommends community service as part of the sentence. The government's suggestion of 150 hours almost reflexively creates a counter suggestion of a lesser number of hours. However, Mr. Ladwig agrees with an assessment of service and simply asks the Court to determine a reasonable amount of hours for him as part of the sentence.

**Conclusion**

Mr. Ladwig has demonstrated that he can appropriately conduct himself within society. Although he made a terribly bad decision to engage in this conduct here, he has lived a life within the law and shown he can comport himself rightly over the past 2 years of supervision. Mr. Ladwig requests the Court place him on probation for 1 year and require a reasonable number of service hours from him so that he can help make up for his misconduct.

Respectfully submitted
David Ladwig
By his attorney,

/s/ Kevin J. Fitzgerald, 5775
Assistant Federal Defender
10 Weybosset St., Ste. 300
Providence, RI 02903
(401) 528-4281
FAX 528-4285
kevin_fitzgerald@fd.org

## CERTIFICATION

I hereby certify that a copy of this motion was delivered by electronic notification to Milind Shah, Assistant United States Attorney, on January 7, 2021.

/s/ Kevin J. Fitzgerald